UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
DARRYLE WRIGHT,

                              Plaintiff,

    v.                                                                          1:05-CV-0565
                                                                                     (NAM)(DRH)

PAUL A. CLYNE, District Attorney, *et al.*,

                              Defendants.
--------------------------------------------------------------------------

APPEARANCES:

DARRYLE WRIGHT
Plaintiff, *pro se*
04-A-3514
Attica Correctional Facility
Box 149, Exchange Street
Attica, NY 14011


NORMAN A. MORDUE, U.S. DISTRICT JUDGE

## ORDER

      Presently before this Court for review is an amended Complaint filed by Darryle Wright ("plaintiff" or "Wright") in accordance with this Court's Order dated June 2, 2005 ("June Order"), as well as a Motion for Appointment of Counsel and a Motion for a Temporary Restraining Order.

      The June Order advised Plaintiff that:

> "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.' " *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)).  Thus, in any amended complaint plaintiff may file, he must set forth all alleged wrongful acts of the defendants that give rise to his claims.  Further, when re-drafting his complaint, plaintiff is advised that the law in this Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Hunt v. Budd*, 94-CV-512, 1995 U.S.Dist. LEXIS 10883, *4

(N.D.N.Y. July 31, 1995) (McAvoy, C.J.) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (other citations omitted)); *Pourzandvakil v. Humphry*, 94-CV-1594, 1995 U.S.Dist. LEXIS 7136, *24-25 (N.D.N.Y. May 22, 1995) (Pooler, J.) (citation omitted).  Thus, in his amended complaint, plaintiff must clearly set forth the <u>facts</u>, including the wrongful acts that give rise to the claim, the dates, times and places of the alleged acts, and the individual(s) who committed each alleged wrongful act.

Docket No. 7.

A review of the amended Complaint finds that Wright's statement of claims is an incomprehensible grouping of legal terms and citations, and disjointed allegations regarding plaintiff being "assaulted for legal papers" and being moved to various sections of the Albany County Jail. While Plaintiff sets forth a listing of individuals who he apparently seeks to name as Defendants herein,[1] the statement of Plaintiff's claims fails to allege any wrongful conduct by any of the named Defendants.  No facts are alleged in the amended Complaint which would support any basis for awarding Wright either equitable or monetary relief.  As such, the Court must dismiss Plaintiff's Complaint.

In light of the foregoing, the Court denies Plaintiff's Motion for Appointment of Counsel and Motion for a Temporary Restraining Order as moot.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that Plaintiff's Motion for Appointment of Counsel (Docket No. 13) and Motion for a Temporary Restraining Order (Docket No. 14) are denied as moot, and it is further

---

[1] A number of the Defendants are individuals who Plaintiff was previously advised were immune from liability under 42 U.S.C. §1983 such as prosecutors and judges, or individuals that the Court previously questioned their possible connection to Plaintiff's treatment at the Albany County Jail such as New York City Mayor Michael Bloomberg.

ORDERED, that the Clerk serve a copy of this Order on the Plaintiff by regular mail.

IT IS SO ORDERED.

Dated:   November 3, 2005

Norman A. Mordue
U.S. District Judge